IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

✓ FILED
RECEIVED
JUL 29 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

Kyle Smith, Plaintiff,

v.

Government Employees Insurance Company (GEICO), Defendant.

Case No.: [To be assigned] CV-25-00425-TUC-SHR

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## INTRODUCTION

Plaintiff Kyle Smith brings this action against his former employer, Government Employees Insurance Company (GEICO), for unlawful employment practices including ADA interference, disability misclassification, whistleblower retaliation, hostile work environment, and wrongful termination, in violation of federal law.

This action arises from events occurring during Plaintiff's employment at GEICO's Tucson, Arizona office between January 2025 and March 7, 2025.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Occupational Safety and Health Act, 29 U.S.C. § 660(c).

Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Tucson, Arizona.

## PARTIES

**1.** Plaintiff Kyle Smith is a resident of Pima County, Arizona, and was employed at the GEICO office in Tucson, Arizona, from January 2025 through March 7, 2025.

**2.** Defendant Government Employees Insurance Company (GEICO) is a national insurance corporation headquartered in Maryland. In the State of Arizona, GEICO operates through its registered foreign subsidiary **GEICO Insurance Agency, LLC**, a foreign limited liability company authorized to conduct business in Arizona, with a registered statutory agent located at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

**FACTUAL BACKGROUND**

1. Plaintiff began employment with GEICO in January 2025.

2. On February 12, 2025, Plaintiff was denied permission to leave his workstation to use the restroom, resulting in a loss of bodily control.

3. Management informed Plaintiff that restroom access required ADA accommodations.

4. Plaintiff has never had a disability nor required workplace accommodations.

5. On February 14, 2025, Plaintiff filed a formal safety complaint with the Occupational Safety and Health Administration (OSHA).

6. After requesting to speak with Human Resources regarding restroom policy concerns, Plaintiff was targeted and isolated by his immediate area management. This included being excluded from communications, reassigned away from peers, and subjected to unwarranted performance scrutiny.

7. On or about February 20, 2025, Plaintiff disputed the accuracy of a negative performance evaluation and was subsequently relocated to a socially isolated area known internally as the "whistleblower seats."

8.Following the filing of his OSHA complaint, Plaintiff's immediate manager further retaliated against him through ongoing adverse treatment, including increased scrutiny, negative feedback, and social isolation.

9. Plaintiff was excluded from group communications and meetings.

10. Subsequently, GEICO management would attempt to justify Plaintiff's isolation by falsely claiming that he had "COVID." This retroactive explanation was not communicated to Plaintiff at the time of reassignment and is inconsistent with the actions and context surrounding his treatment.

11. During a time when Plaintiff's regular manager was absent, he was temporarily assigned to another manager. This temporary manager provided Plaintiff with a performance evaluation that was consistently positive and stood in stark contrast to the negative assessments he had received earlier from his assigned supervisory team.

12. Although Plaintiff was repeatedly told he was not meeting training benchmarks, he received confirmation by email that he passed all required training and was allowed to attend GEICO's training graduation ceremony on February 27, 2025. At the said graduation ceremony Plaintiff was recognized by name and teleprompter slideshow for passing training, removing any doubt that performance issues were to blame for his unlawful termination.

13. Shortly thereafter, Plaintiff received information from another employee indicating that GEICO area managers were engaging in inappropriate, disparaging discussions about Plaintiff in a private chat. Plaintiff reported this to the sectional manager. Two hours later, upon returning from lunch, Plaintiff was instructed to gather his belongings, report to the office, and was then sent home. He was told to await a phone call regarding whether or not he was being terminated.

14. Plaintiff was effectively placed on suspension without explanation, contributing to the hostile environment and retaliatory actions already underway.

15. On March 7, 2025, Plaintiff was terminated under the stated reason of "failure to satisfy the

basic expectations of their position."

16. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and received a Right to Sue Notice dated June 18, 2025.

**CLAIMS FOR RELIEF**

Count I - ADA Interference and Coercion

Defendant interfered with Plaintiff's rights under the ADA by coercing him to pursue an ADA accommodation despite having no disability, in violation of 42 U.S.C. § 12203(b).

Count II - "Regarded As" Disability Discrimination

Defendant misclassified Plaintiff as disabled and subjected him to adverse treatment based on this misclassification, in violation of 42 U.S.C. § 12102(1)(C).

Count III - Whistleblower Retaliation (OSHA)

Defendant retaliated against Plaintiff for filing a safety complaint and for reporting potential misconduct, in violation of 29 U.S.C. § 660(c).

Count IV - Wrongful Termination in Violation of Public Policy

Plaintiff's termination was motivated by his protected activities, violating public policy protections.

Count V - Hostile Work Environment and Retaliation

Defendant's treatment created a hostile and retaliatory work environment aimed at silencing protected conduct, including unexplained suspension, isolation, and progressive disciplinary pressure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages for emotional distress, reputational harm, and related losses;

B. Award punitive damages where appropriate;

C. Grant injunctive relief requiring policy revisions and ADA training;

D. Award attorneys' fees and costs pursuant to statute;

E. Grant such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**PRE-LITIGATION EFFORTS**

Plaintiff has made multiple good-faith efforts to resolve this matter prior to initiating litigation. On June 19, 2025, Plaintiff sent a detailed Final Demand for Settlement to GEICO's legal counsel, outlining the facts, legal violations, and proposed resolution.

Despite this outreach and the seriousness of the allegations, GEICO failed to engage in meaningful negotiations or propose a resolution that reflected the gravity of the claims.

Plaintiff is now filing this action as a last resort, after all reasonable attempts to settle the dispute informally were unsuccessful.

**LEGAL BASIS**

The claims in this action arise under the following federal statutes:

- Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

- § 12102(1)(C) - "Regarded As" Disability Discrimination

- § 12203(b) - Interference, Coercion, and Retaliation

- Occupational Safety and Health Act (OSHA), 29 U.S.C. § 660(c)

- Prohibition against retaliation for filing workplace safety complaints

- Civil Rights Act of 1964, Title VII (by analogy to retaliation standards)

- Where applicable, federal retaliation and wrongful termination doctrines apply.

- Public Policy Doctrine (Wrongful Termination) under federal and Arizona common law

Respectfully submitted,

Kyle Smith

Email: ksmithtucson@gmail.com

Dated: July 29, 2025