**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle Smith, | No. CV-25-00425-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| Government Employees Insurance Company, | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss filed by Defendant, Government Employees Insurance Company. (Doc. 13.) The Motion is fully briefed. (Docs. 14, 16.) For the following reasons, the Court will grant Defendant's Motion.

**I.    Background**

On July 29, 2025, Plaintiff filed his Complaint against Defendant, his former employer, alleging multiple claims related to unlawful employment practices. (Doc. 1.) Plaintiff began working for Defendant in Tucson, Arizona, in January 2025. (*Id.* at 2–3.) In February, Defendant "denied [Plaintiff] permission to leave his workstation to use the restroom," stating "restroom access required [the Americans with Disabilities Act (ADA)] accommodations." (*Id.* at 3.) This resulted in "a loss of bodily control" and Plaintiff "urinat[ed] in [his] pants at [his] desk." (*Id.*; Doc. 1-3 at 3.) Plaintiff alleges he "has never had a disability nor required workplace accommodations." (Doc. 1 at 3.)

Plaintiff subsequently filed a safety complaint with the Occupational Safety and Health Administration (OSHA) based on his concerns regarding Defendant's restroom

policy. (*Id.* at 3; Doc. 1-2 at 2.) He also reported his concerns to Defendant's human resources department. (Doc. 1 at 3.) He was then "relocated to a socially isolated area" and was subjected to "increased scrutiny" and "negative feedback" from management. (*Id.*) Plaintiff further alleges another employee told him "managers were engaging in inappropriate, disparaging discussions about Plaintiff in a private chat." (*Id.* at 4.) Upon reporting this information to management, Plaintiff was "instructed to gather his belongings" and "was then sent home." (*Id.*) On March 7, 2025, Defendant terminated Plaintiff's employment for "failure to satisfy the basic expectations of [his] position." (*Id.* at 4–5.)

## II.   Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). If the court finds a plaintiff does not allege enough facts to support a cognizable legal theory, the court may dismiss the claim. *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

. . . .

### III.    Discussion

Plaintiff alleges five counts in his Complaint: "ADA Interference and Coercion" (Count One); "'Regarded As' Disability Discrimination" (Count Two); "Whistleblower Retaliation (OSHA)" (Count Three); "Wrongful Termination in Violation of Public Policy" (Count Four); and "Hostile Work Environment and Retaliation" (Count Five). (Doc. 1.)  The Court will address each count in turn below.

#### A. <u>Count One</u>

Plaintiff asserts Defendant "interfered with [his] rights under the ADA by coercing him to pursue an ADA accommodation despite having no disability, in violation of 42 U.S.C. § 12203(b)." (*Id.* at 5.)  Section 12203(b) of the ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of" any right protected under the ADA.  District courts interpret the ADA's interference provision as barring any action by an employer that deters or gives a reasonable employee pause about seeking accommodation.  *See Hillebrand v. United Parcel Serv. Inc.*, No. CV-25-02220-PHX-DJH, 2026 WL 632367, at *4 (D. Ariz. Mar. 6, 2026).

Here, Plaintiff's managers told him he had the option of applying for ADA accommodations both before and after he experienced an incident where he urinated at his desk.  (Doc. 1-3 at 3–4.)  Such offers of accommodation are not coercive and do not unlawfully interfere with the exercise of a right provided by the ADA.  Plaintiff does not allege in his Complaint he has any ADA accommodations or exercised or attempted to exercise any ADA-protected right.  Because the Complaint does not allege either the exercise of an ADA-protected right or conduct by Defendant that interfered with such a right, Plaintiff fails to state a claim in Count One.

#### B. <u>Count Two</u>

Plaintiff alleges "Defendant misclassified [him] as disabled and subjected him to adverse treatment based on this misclassification, in violation of 42 U.S.C. § 12102(1)(C)." (Doc. 1 at 5.)  Section 12102(1)(C) of the ADA includes in the definition of "disability" an individual who is "regarded as having . . . an impairment" but does not provide a cause of

action. Because merely being "regarded as" having a disability is not a cause of action under the ADA, the Court could dismiss Count Two on this basis alone. Regardless, even liberally construing Count Two as a claim for disability discrimination under the ADA, Plaintiff still fails to state a claim. To prevail on an ADA claim of disability discrimination, Plaintiff must establish (1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability. *See Hutton v. Elf Atochem N. Am., Inc.,* 273 F.3d 884, 891 (9th Cir. 2001); *Israel v. U.S. Bank, NA*, 653 F. Supp. 3d 685, 704 (D. Ariz. 2023) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff has failed to allege facts showing he is disabled within the meaning of the ADA. The Complaint does not identify a specific actual or perceived disability, nor does it allege facts to support Plaintiff's assertion Defendant perceived him as having a disability. Without such information, the Court is unable to determine whether Plaintiff's perceived impairment is a qualifying disability under the ADA. *See Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 922–23 (9th Cir. 2018) (stating to proceed under the "regarded as" prong of the ADA, the actual or perceived impairment need not limit or be perceived to limit major life activities, but it cannot be "transitory and minor"). Although Defendant's offer of accommodations may suggest concern regarding Plaintiff's workplace needs, it does not, alone, establish Defendant regarded Plaintiff as disabled within the meaning of the ADA.

Further, Plaintiff has not shown he suffered an adverse employment action because of a disability. Plaintiff does not plead facts supporting his assertion Defendant isolated him or terminated his employment due to any actual or perceived disability. On the contrary, Plaintiff alleges he filed an OSHA complaint and met with HR to discuss Defendant's restroom policies and was fired shortly thereafter. Those allegations suggest the alleged basis for adverse treatment and termination were Plaintiff's complaints, not an actual or perceived disability. Accordingly, Plaintiff fails to state a claim for disability discrimination under the ADA.

. . . .

### C. **Count Three**

Plaintiff alleges "Defendant retaliated against [him] for filing a safety complaint and for reporting potential misconduct, in violation of 29 U.S.C. § 660(c)." (Doc. 1 at 5.) However, in response to Defendant's Motion to Dismiss, Plaintiff acknowledges § 660(c) "does not create a private right of action in federal court" and "voluntarily withdraws" Count Three. (Doc. 14 at 10.) Plaintiff's voluntary dismissal of Count Three comports with Federal Rule of Civil Procedure 41, and the Court will dismiss the Count on this basis. Plaintiff is correct § 660(c) does not create a private right of action in federal court, *Glanton v. Harrah's Ent., Inc.*, 297 Fed. Appx. 685, 687 (9th Cir. 2008), and the Court will therefore dismiss this Count with prejudice, *Polich*, 942 F.2d at 1472.

### D. **Count Four**

Plaintiff alleges "Wrongful Termination in Violation of Public Policy." To support this claim, Plaintiff merely states his "termination was motivated by his protected activities, violating public policy protections." (Doc. 1 at 5–6.) The Complaint does not identify any specific public policy allegedly violated by Defendant. Nor does Plaintiff identify a federal statute creating a private cause of action for "violation of public policy." Conclusory references to public policy are insufficient to state a claim. *See Ove*, 264 F.3d at 821.

To the extent Plaintiff attempts to plead a wrongful termination claim under the Arizona Employment Protection Act, his Complaint fails to identify a specific Arizona statute, state constitutional provision, or other protected category recognized by Arizona law. In any event, because the Court will dismiss Plaintiff's federal-law claims, it will decline to exercise supplemental jurisdiction over any remaining state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (When "all federal-law claims are eliminated before trial . . . judicial economy, convenience, fairness, and comity . . . point toward declining to exercise jurisdiction over the remaining state-law claims.").

### E. **Count Five**

Last, Count Five of Plaintiff's Complaint states "Defendant's treatment created a

- 5 -

hostile and retaliatory work environment aimed at silencing protected conduct, including unexplained suspension, isolation, and progressive disciplinary pressure." (Doc. 1 at 6.) Assuming Plaintiff intends this count to be a claim for retaliation for protected employee conduct under the ADA, Plaintiff must allege: "(1) [he] engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Protected activity includes opposing any act or practice made unlawful by the ADA or making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing pursuant to the ADA. 42 U.S.C. § 12203(a).

Here, the Complaint does not allege facts sufficient to show Plaintiff's HR or OSHA complaints regarding Defendant's bathroom policy constituted protected activity under the ADA. Plaintiff does not allege Defendant's bathroom policy itself violates the ADA, nor does he indicate the purpose of his meeting with HR or his OSHA complaint was to raise an alleged ADA violation. Absent factual allegations connecting Plaintiff's HR or OSHA complaints to rights protected by the ADA, he fails to allege protected activity and thus fails to state a claim for retaliation under the ADA.

**IV.    Conclusion**

**IT IS ORDERED** Defendant's Motion (Doc. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, except **COUNT THREE**, which is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Plaintiff may file an amended complaint no later than **Friday, July 24, 2026.**

**IT IS FURTHER ORDERED**, if Plaintiff does not file a second amended complaint by **Friday, July 24, 2026**, the Clerk of Court shall close this case.

Dated this 26th day of June, 2026.

Honorable Scott H. Rash
United States District Judge

- 6 -